### RUPERT v. MADDEN, Trustee, etc.

1. PLEADING—DESCRIPTIO-PERSONÆ.—In an action brought upon two promissory notes, by one of which the defendant, as trustee of the Louisiana company, promises, etc., and the other is in the common form of an individual note, but is signed by the defendant "Trustee Louisiana Co.," in which the declaration describes the defendant as trustee of the Louisiana company, and the defendant demurred generally : *Held*, that the action was not brought against him in his fiduciary character, but in his natural capacity, and that the words "Trustee, &c.," in the declaration, are only descriptive of the person sued.

(1 *Chand.* 146.)

ERROR to the District Court for *Iowa* County.

This was an action of assumpsit, brought in Iowa county, on two promissory notes, one of which is declared upon as

Rupert vs. Madden.

having been executed by the defendant below, as trustee of the Louisiana company, and the other as having been executed by the defendant below in his own name and individual character, but signed and executed by the defendant as trustee of the said Louisiana company.    There were also in the declaration, the usual money counts.    Throughout, in the declaration, the defendant below is described as trustee of the Louisiana company.

To this declaration the defendant below demurred generally, and, on the argument, the district court sustained the demurrer, and gave judgment for the defendant, and the cause was brought into this court by writ of error.

*Eaton & Cothren*, for plaintiff in error, contended that the character in which the defendant in error executed one of the notes declared upon, and the addition of his representative character, with which he subscribed the other, were mere descriptions of his person, and did not invest him with any exemption from personal liability ; and that, having in the body of the notes promised to pay, irrespective of the company, whose name he appended in addition to his own signature, did not change the nature of his responsibility.

That the liability of the maker of the notes could not be properly tested by the demurrer, and that the demurrer did not give him the opportunity of testing the character in which he executed the notes, so as to be available as a defense.

*Samuel Crawford*, for defendant in error, contended that the suit was substantially against the plaintiff in error *as trustee*, and that no proof of his representative character could be made, and that a judgment rendered against one sued as a trustee, seeking to recover against him personally, was a thing unknown to the law ; that therefore the demurrer to the declaration was well taken.

STOW, C. J.    The declaration in this case commences, "*Benj. Rupert*, plaintiff, complains of *Wm. J. Madden*, trus-

tee of the Louisiana company, defendant, in a plea of trespass on the case, upon promises, etc.," and sets forth two promissory notes, in one of which the defendant, "as trustee of the Louisiana Co.," promises to pay, etc.; and the other is in the common form of an individual note, but is signed "*Wm. J. Madden*, trustee Louisiana Co." There are also the usual common counts. Throughout the declaration the defendant is described as trustee of the Louisiana company. The defendant demurred generally, and the demurrer was sustained by the court below.

On the argument it was contended that the declaration shows that the defendant is sued in his fiduciary character as trustee, and that, if judgment were to pass against him, it would bind the trust fund, which, he contended, could not be done by a proceeding at law. On examining the declaration, we are of opinion that the defendant is not sued as trustee, but in his natural character, and that the words "trustee, etc.," are only descriptive of his person, and that therefore the demurrer is bad.

The judgment of the district court is reversed.